IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARMEN L. FLOREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3034 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Eric I. Long (d/e 15). Judge Long recommends that this Court affirm the Commissioner's decision to deny Plaintiff's request for disability benefits. Id.

On February 10, 2026, Plaintiff filed her Exceptions to the Report and Recommendation (d/e 16). As of this date, Defendant has not filed a motion for leave to file a response to Plaintiff's Exceptions.

In reviewing disability cases, courts should "defer[ ] to the presiding [Administrative Law Judge ("ALJ")], who has seen the hearing up close." Biestek v. Berryhill, 587 U.S. 97, 108 (2019). The district court's role is "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." Morales v. O'Malley, 103 F.4th 469, 472 (7th Cir. 2024). The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff objects to Judge Long's Report and Recommendation for three reasons. See generally d/e 16. The Court has thoroughly reviewed Judge Long's Report and Recommendation and Plaintiff's objections to the Report and Recommendation. Applying a de novo review, the Court agrees with Judge Long's recommendations and underlying analysis on all three issues.

First, Plaintiff argues that Judge Long incorrectly concluded that the ALJ's determination of Plaintiff's residual functional capacity was supported by substantial evidence because Judge Long "fail[ed] to confront the nineteen clinical findings the ALJ

failed to mention" and thus failed to hold the ALJ to the proper standard under SSR 96-8p. See d/e 16, pp. 1-2 (citing Plaintiff's Brief, d/e 8, pp. 18-19).

> SSR 96-8p provides, in relevant part:
>
> In all cases in which symptoms, such as pain, are alleged, the [residual functional capacity] assessment must:
> - Contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;
> - Include a resolution of any inconsistencies in the evidence as a whole; and
> - Set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.

SSR 96-8P, 1996 WL 374184 (July 2, 1996).

Judge Long wrote in his Report and Recommendation that "[t]he ALJ noted that Plaintiff requested a closed period of disability from September 1, 2018, until March 5, 2020. (R. 1160)," yet "the ALJ cited records detailing Plaintiff's hip and spine issues as far back as 2017 and analyzed pre-onset records." (R. 1158-61)." d/e 15, p. 3. Judge Long found "no indication that the specific analysis of the four treatment records that predate [Plaintiff's] alleged onset

date cited in her brief would have led the ALJ to a different conclusion." Id.

This Court agrees with Judge Long. The nineteen clinical findings that Plaintiff references stem from a "July 18, 2017 clinical visit with her orthopedic surgeon"; a "December 26, 2017 clinical visit with her orthopedic surgeon"; a May 22, 2018 MRI study; and a June 7, 2018 assessment conducted by her orthopedic surgeon. See d/e 8, pp. 18-19. The record indicates that the ALJ referenced exhibits from "a July 2017 orthopedic consultation," a "follow up in December 2017," an "MRI in May 2018," a "follow up with [Plaintiff's] orthopedist in June 2018," and several other medical assessments up through December 2020. See d/e 5, pp. 1158-59, 1160-66. The ALJ noted that "the current record includes new evidence of [Plaintiff's] significant left hip problems since the prior ALJ decision" on August 31, 2018 and "worsening of the claimant's left hip condition since the prior decision, but the record does not support a finding that she was incapable of performing any sustained work-like activities." See id. at pp. 75, 1160.

Plaintiff does not indicate that the nineteen clinical findings from July 2017 to June 2018—beyond what the ALJ considered

from 2017 and 2018—would have altered the ALJ's finding that Plaintiff "was not under a disability…at any time from August 29, 2018, the alleged onset date, through March 31, 2021, the date last insured." See id. at p. 1171. Therefore, as Judge Long's specific references to the record indicate, "substantial evidence supported the ALJ's decision and…the ALJ applied the correct legal standards" of SSR 96-8p. See Morales, 103 F.4th at 472.

Second, Plaintiff argues that Judge Long's "analysis of Plaintiff's subjective statements is lacking substantive analysis or explanation" because he made his conclusion about the ALJ's evaluation "without explanation or setting forth examples as to why he [so] concludes." d/e 16, p. 3.

Judge Long concluded in the Report and Recommendation: "The ALJ thoroughly evaluated Plaintiff's allegations, objective medical findings, treatment history, and opinion evidence." d/e 15, p. 4. In the next sentence, Judge Long wrote: "The ALJ explained Plaintiff could perform a range of sedentary work because although she had significant physical symptoms, she did not have findings generally associated with disabling pain. (R. 1157-69)." Id.

The Court finds that Judge Long's analysis assessed and reflected the ALJ's evaluation of Plaintiff's subjective statements as reflected in the record. Therefore, as Judge Long's specific references to the record indicate, "substantial evidence supported the ALJ's decision and…the ALJ applied the correct legal standards." See Morales, 103 F.4th at 472.

Third, Plaintiff argues that Judge Long's "conclusion that the ALJ did not impermissibly play doctor is not factually or legally sound" because "the ALJ cited no opinion by any physician on which the medical evidence at issue is interpreted for the purpose of the ALJ's determination of the Plaintiff's" residual functional capacity, which "was determined largely based on x-rays, MRIs, physical exams, and the need for surgery." d/e 16, pp. 3, 4.

ALJs are said to have impermissibly played doctor when they either reject a doctor's medical conclusion without other evidence or when they draw medical conclusions themselves about a claimant without relying on medical evidence. Dixon v. Massanari, 270 F.3d 1171, 1177 (7th Cir. 2001). "ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves" and not "impermissibly interpret[] the MRI

results himself" or herself. Lambert v. Berryhill, 896 F.3d 768, 774 (7th Cir. 2018); Akin v. Berryhill, 887 F.3d 314, 318 (7th Cir. 2018).

Upon review of the record, the Court finds that the ALJ consistently and accurately paraphrased the providers' accompanying notes when considering Plaintiff's medical procedures. See, e.g., d/e 5, pp. 648-49 and 1164 ("Pelvic x-rays in June 2018 showed mild degenerative changes of the lower lumbar spine and right hip, and moderate degenerative changes of the left hip…(Exhibit B2F/318; B6F/130-131)" when those exhibits include written medical notes stating "[t]here are mild degenerative changes of the lower lumbar spine and right hip. There are moderate degenerative changes of the left hip."); see also id. at pp. 582, 949, and 1165 ("X-rays showed a well fixed left total hip arthroplasty with excellent bone hardware interface, and no loosening or sign of infection… (Exhibit B2F/252; B7F/32)" when those exhibits include written medical notes stating "X-rays show a well fixed left total hip arthroplasty with excellent bone hardware interface. There is no loosing [sic] or clinical sign of infection.").

Judge Long noted in his Report and Recommendation that "Plaintiff identifies no specific radiographic image from which the

ALJ drew medical conclusions without relying on medical evidence." See d/e 15, p. 5. The Court finds that Plaintiff offers no such evidence here. Therefore, as Judge Long's specific references to the record indicate, "substantial evidence supported the ALJ's decision and…the ALJ applied the correct legal standards." See Morales, 103 F.4th at 472.

For these reasons, Plaintiff's Objections (d/e 16) are OVERRULED, Judge Long's Report and Recommendation (d/e 15) is ACCEPTED and ADOPTED, and the Commissioner's decision is AFFIRMED. The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED.**
**ENTERED: March 11, 2026.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**